IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANCISCO VALENCIA-VILLA, | § | |
| # 47011-177, | § | |
| Petitioner, | § | |
| v. | § | CIVIL NO. 3:16-CV-1134-M-BK |
| | § | (Criminal No. 3:13-CR-407-M-1) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge. Upon review of the relevant pleadings and applicable law, it is recommended that the motion be **DENIED**.

**I. BACKGROUND**

In October 2013, Petitioner pled guilty to possessing a controlled substance with intent to distribute and, in May 2015, was sentenced to 324 months' imprisonment and a five-year term of supervised release. Crim. Doc. 53. His conviction was affirmed on direct appeal. *Valencia-Villa v. United States*, 633 F. App'x 623 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 71 (2016). In this timely section 2255 motion, Petitioner alleges due process errors stemming from a discovery dispute, and also claims (1) his plea was involuntary, (2) the government engaged in "egregious" misconduct, (3) his attorney rendered ineffective assistance of counsel, and (4) his sentence is unlawful under *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015). Doc. 1 at 4-8; Doc. 6 at 1-3. The government has filed a response in opposition, Doc. 9, and Petitioner filed a reply, Doc. 13. Subsequently, on August 21, 2017, before the one-year limitations period elapsed, Petitioner filed a *Motion for Leave to File 28 U.S.C. §2255 Motion to Vacate, Set Aside*

*or Correct Sentence*, which seeks to raise four new claims of ineffective assistance of counsel at sentencing and on appeal. Doc. 14.

## II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991)). Under section 2255, a petitioner can collaterally challenge his conviction "only on issues of constitutional or jurisdictional magnitude." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001); *see* 28 U.S.C. § 2255 (requiring a showing that: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) the sentence "was in excess of the maximum authorized by law"; or (4) the sentence is otherwise "subject to collateral attack.").

### A. Assertions Related to Discovery Dispute – Claims 1 and 2

In his first two grounds, Petitioner asserts that "[t]he District Court and Respondents committed reversible discovery error" by: (1) failing to provide all exculpatory and impeachment evidence within 14 to 20 days of his arraignment, and (2) accepting his guilty plea before he could review the allegedly-concealed discovery. Doc. 1 at 4-5. Petitioner avers the evidence "may prove" his "actual, factual, and legal innocence of the 30-40 pounds of methamphetamine, [and] of the Organizer or Leadership role, among other things." Doc. 2 at 5. He also claims his guilty plea was not knowing and voluntary. Doc. 1 at 5; Doc. 2 at 8-12.

According to Petitioner, these claims stem from "sentencing due process issues," which defense counsel raised for the first time during sentencing, that related to the government's alleged failure to timely disclose discovery associated with the relevant conduct attributed to

Petitioner in the Presentence Report (PSR). Crim. Doc. 59 at 33-40. Although the Court found the timing of the objection "absolutely ridiculous," it continued the sentencing hearing "to protect" Petitioner's rights. Crim. Doc. 59 at 40-42. Ultimately, after reviewing all information tendered, the Court found no discovery violation. Crim. Doc. 60 at 3-4; Crim. Doc. 60 at 11. The Court also noted "that this drug quantity issue, the difference between . . . [defense counsel's position] and the position taken in the presentence report, makes no difference in the guideline calculations." Crim. Doc. 60 at 5-6.

Following the Court's ruling, Defense counsel did not object further about discovery at sentencing, confirmed that Petitioner was "not asking to withdraw his guilty plea," and acknowledged Petitioner had "received adequate discovery for purposes of entering that plea." Crim. Doc. 60 at 4. Moreover, on direct appeal, Petitioner did not challenge the discovery issue or complain about that his plea was not voluntary. Having failed to raise these issues on appeal, the Court agrees with the Government that claims 1 and 2 are procedurally defaulted, absent a showing of cause and prejudice or that the petitioner is actually innocent of the crime for which he was convicted. *See United States v. Logan*, 135 F.3d 353, 355 (5th Cir. 1998) (*citing United States v. Frady*, 456 U.S. 152, 168 (1982)); *Bousley v. United States,* 523 U.S. 614, 621 (1998) (voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review). Petitioner does not satisfy the cause-and-actual prejudice exception to excuse his failure to raise either claim on direct appeal. He merely complains of appellate counsel's ineffectiveness in failing to argue the issue on appeal, and his arguments are conclusory. Doc. 13 at 2.

"The Constitution does not require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989) (citing

3

*Jones v. Barnes*, 463 U.S. 745, 751-53 (1983)). Rather it is counsel's professional duty to choose among potential issues, according to his judgment as to their merit and his tactical approach to maximize the likelihood of success on appeal. *Jones*, 463 U.S. at 752.

Here, Petitioner has not demonstrated that the "discovery violations & egregious gross governmental misconduct" and plea voluntariness issue [Doc. 13 at 2] were clearly stronger than the sentencing issue counsel pursued on direct appeal. *See Smith v. Robbins*, 528 U.S. 259, 288 (2000) ("Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.") (quoted case omitted); *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003) (to prove ineffective assistance of appellate counsel, a petitioner must show that the decision not to raise an issue on appeal was objectively unreasonable). Moreover, the narrow exception recognized by *Martinez v. Ryan*, 566 U.S. 1 (2012), which Petitioner mentions in passing in his reply [Doc. 13 at 2], is inapposite and plainly inapplicable to federal prisoners seeking to challenge their federal convictions. *See United States v. Lee*, 792 F.3d 1021, 1023-25 (8th Cir. 2015). Accordingly, the first two grounds are procedurally barred.

In his reply, Petitioner asserts his trial counsel was ineffective "for not refusing for his client to plead guilty . . . without first viewing the . . . concealed discovery." Doc. 13 at 2. He avers he "may have elected to go to trial using the concealed discovery." Doc. 13 at 1-2. The record belies Petitioner's assertions, however. Again, <u>after</u> the Court found that all discovery had been tendered by the Government and that "nothing improper happened," counsel confirmed that Petitioner did not wish to withdraw his guilty plea. Crim. Doc. 60 at 3-4, 11. Petitioner's belated, conclusory assertions to the contrary are clearly insufficient to show that counsel was constitutionally deficient in advising him to plead guilty. *Cf. United States v. De La Garza*, 158

4

F.3d 583, 1998 WL 648504, \*1 (5th Cir. 1998) (addressing validity of guilty plea on collateral review, although claim had not first been raised on direct review, because petitioner asserted that counsel's ineffective assistance prompted him to enter a plea without understanding the rights he was waiving).

Moreover, any conceivable violations of Rule 11, Rule 16, the local criminal rules, or government policies [Doc. 2 at 5-9], in relation to the discovery issue, were waived by Petitioner's voluntary guilty plea. *See United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (voluntary guilty plea waives all non-jurisdictional defects in the proceedings including ineffective assistance of counsel, "except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary"). Additionally, Petitioner's voluntary guilty plea precludes him from asserting any *Brady*/*Giglio*[1] claim. *See United States v. Conroy*, 567 F.3d 174, 178-79 (5th Cir. 2009) ("a guilty plea precludes the defendant from asserting a *Brady* violation."); *Orman v. Cain*, 228 F.3d 616, 617 (5th Cir. 2000) ("*Brady* requires a prosecutor to disclose exculpatory evidence for purposes of ensuring a fair trial, a concern that is absent when a defendant waives trial and pleads guilty."); *see also Alvarez v. City of Brownsville*, 860 F.3d 799, 803 (5th Cir. 2017) (relying on *Conroy* to hold there is no constitutional right to exculpatory evidence when defendant pleads guilty, and guilty plea precludes him from asserting a *Brady* claim). Accordingly, claims 1 and 2 fail.

### B. Appeal Waiver, Constructive Amendment of Indictment, and Sentence Enhancement - Claim 3

Claim 3 fares no better. Petitioner contends the government "require[ed] him to waive his rights to appeal." Doc. 1 at 6-7; Doc. 2 at 13. However, Petitioner pled guilty to the

---

[1] *Brady v. Maryland,* 373 U.S 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972).

5

indictment without a plea agreement. While he stipulated to certain facts in the *Elements and Punishment of the Offense and Factual Resume*, no appeal waiver was included. Crim. Doc. 19 at 3 (waiving only the rights to plead not guilty, to a jury trial, to be proven guilty beyond a reasonable doubt, to confront and cross-examine witnesses, and against compelled self-incrimination).

Moreover, contrary to Petitioner's assertion, Doc. 1 at 7; Doc. 2 at 14, the indictment was not constructively amended. Petitioner pled guilty to the same offense charged in the indictment – namely possession with intent to distribute 500 grams or more of methamphetamine. *Compare Indictment*, Crim. Doc. 12 at 1, *with Factual Resume*, Crim. Doc. 19 at 1. In any event, Petitioner has not demonstrated that "an essential element of the offense [was] effectively modified during trial." *United States v. Stanford*, 805 F.3d 557, 566 (5th Cir. 2015) (quotations and quoted case omitted).

Additionally, the argument that judicially-determined facts as to drug quantity were used to increase his sentence [Doc. 1 at 7; Doc. 2 at 14-20] was addressed and rejected on direct appeal, *see Valencia-Villa*, 633 F. App'x at 623 (finding claim foreclosed by *United States v. Hernandez,* 633 F.3d 370, 374 (5th Cir. 2011), which held that a sentence within the statutory maximum based upon judicially-determined facts does not violate the Sixth Amendment). Thus, Petitioner may not raise that ground anew in this collateral attack. *See United States v. Rocha,* 109 F.3d 225, 229 (5th Cir. 1997) (citing *United States v. Kalish,* 780 F.2d 506, 508 (5th Cir.1986)); *see also Moore v. United States,* 598 F.2d 439, 441 (5th Cir. 1979) ("The appellate process does not permit reruns.").

Also, insofar as Petitioner seeks to challenge the Court's application of a Sentencing Guidelines enhancement for the importation of methamphetamine from Mexico, maintaining

separate premises for distributing a controlled substance, and being a leader/organizer of a criminal activity [Doc. 2 at 14-20], his claims are not cognizable on section 2255 review.[2] *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994) (misapplication of Sentencing Guidelines does not give rise to constitutional issue cognizable under section 2255).

In addition, Petitioner mistakenly relies on *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey,* 530 U.S. 466 (2000), to argue that the Court erred in calculating his sentence based on facts that were not admitted by him. Doc. 2 at 15-20. After the Supreme Court's decision in *Booker v. United States,* 543 U.S. 220, 258-65 (2005), which rendered the Sentencing Guidelines advisory, "[t]he sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence." *United States v. Whitfield,* 590 F.3d 325, 367 (5th Cir. 2009); *see also Beckles v. United States*, ___ U.S. ___, 137 S. Ct. 886, 892 (2017) ("the advisory Guidelines do not fix the permissible range of sentences" and merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range.").

Finally, contrary to Petitioner's assertion, Doc. 2 at 15-16, 20, neither of the guideline enhancements raised the mandatory minimum sentence, as that is established by statute.[3] *See* 21 U.S.C. § 841(a)(1)(A). Each guideline enhancement applied was but a factor in the calculation of the advisory guideline range, which was within the sentencing range prescribed by the statute.

---

[2] Appellate counsel did not challenge the enhancements on appeal.
[3] Petitioner faced a mandatory minimum term of imprisonment of 10 years and a maximum term of life imprisonment. Crim. Doc. 28-1 at 13, PSR ¶ 62.

*See Alleyne v. United States*, ___ U.S. ___, 133 S. Ct 2151, 2163 (2013) ("Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury" and "[o]ur decision today is wholly consistent with the broad discretion of judges to select a sentence within the range authorized by law."); *United States v. Tuma*, 738 F.3d 681, 693 (5th Cir. 2013) (*Alleyne* has no impact on advisory guideline calculations). Thus, Petitioner's reliance on *Alleyne* lacks merit.

**C. Ineffective Assistance of Counsel – Claim 4**

Petitioner's claims of ineffective assistance of counsel also fail. To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). To prove the deficient performance under *Strickland*, a petitioner must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687. The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id.* at 688. That said, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.*

To demonstrate prejudice in the context of a guilty plea, the petitioner must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The petitioner bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* Further, to prevail on a claim of ineffective assistance of counsel at sentencing, the petitioner must demonstrate that his sentence was increased on account of the deficient performance of defense counsel. *Glover v. United States*,

8

531 U.S. 198, 200, 203-204 (2001). Failure to establish either deficient performance or prejudice defeats the claim. *Strickland*, 466 U.S. at 697.

Petitioner asserts counsel was ineffective for failing to properly and timely investigate, and thereby "hold the government to its automatic obligation to hand over all exculpatory & impeachment material evidence to [him] within 14-20 days of his arraignment." Doc. 1 at 8. Petitioner adds that counsel failed "to object timely to the government's tainted discovery violations & raise the issue that [Petitioner] could not plead guilty without first reviewing the discovery and that amended indictment issues were unlawful." *Id.*

The claim that counsel failed to conduct an adequate investigation is conclusory. As previously noted, the Court found no discovery violation and concluded the government had provided all discovery. Crim. Doc. 60 at 3-4, 10-11. On this record, counsel cannot have been ineffective and Petitioner's conclusory allegations are insufficient to raise a constitutional issue. *See United States v. Holmes*, 406 F.3d 337, 361 (5th Cir. 2005) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue."). Moreover, Petitioner has not demonstrated with specificity what the investigation would have revealed and how it would have altered his plea. *See United States v. Curtis*, 769 F.3d 271, 276, 277-278 (5th Cir. 2014) (cited cases omitted) ("To establish [a] failure to investigate claim, [a defendant] must allege with specificity what the investigation would have revealed *and how it would have benefitted him.*") (emphasis in original). Petitioner's pleadings offer nothing more than generalizations. Doc. 2 at 21-24. Moreover, he does not claim that but for his counsel's allegedly erroneous advice, he would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59. As stated previously, at sentencing, defense counsel acknowledged that Petitioner was not seeking to withdraw his plea. Crim. Doc. 60 at 4.

9

Accordingly, the Court concludes that Petitioner has failed in his burden to establish that counsel was ineffective. Thus, this claim fails.

### D.  *Johnson* – Supplemental Claim 5

Petitioner's reliance on *Johnson* is misplaced. Doc. 6 at 1-3. Petitioner's sentence was not increased under the Armed Career Criminal Act's ("ACCA's") residual clause – the only provision that *Johnson* found to be unconstitutional. *See Johnson*, 135 S. Ct. at 2563 (calling into question *only* the residual clause of the ACCA).[4] The PSR (which was adopted at sentencing as modified and supplemented by any Addendum) calculated Petitioner's base offense level for possession with intent to distribute a controlled substance and the four-level enhancement for importation and maintaining a premises for manufacturing or distributing a controlled substance under U.S.S.G. § 2D1.1 (the drug trafficking guideline). *See* Crim. Doc. 28-1 at 8, PSR ¶¶ 27-29; Crim. Doc. 54 at 1, Statement of Reasons. Likewise the four-level enhancement for Petitioner's leadership role was calculated under U.S.S.G. § 3B1.1(a). Crim. Doc. 28-1 at 8, PSR ¶ 31. Accordingly, any claim under *Johnson* fails.

### E.  Motion for Leave to Amend

Because Petitioner's supplemental brief raises four new claims of ineffective assistance of counsel, the Court liberally construes his motion as seeking leave to amend under FED. R. CIV. P. 15(a)(2). Doc. 14-1. Although leave to amend is to be freely given when justice so requires, denial of a motion for leave to amend is appropriate when the proposed amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (specifying futility of amendment as an adequate justification to refuse to grant leave to amend). The decision whether to grant a motion

---

[4] The Supreme Court found *Johnson* retroactively applicable to cases on collateral review in *United States v. Welch*, ___ U.S. ___, 136 S. Ct. 1257 (2016).

to amend is generally left to the sound discretion of the district court. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). Considering the foregoing, Petitioner's motion to amend should be denied as futile.[5]

Petitioner asserts counsel was ineffective for failing to object that the substance at issue in his case contained "bath salt[s]," which allegedly have "similar effects to methamphetamine, coca leaf, and other controlled substance." Doc. 14-1 at 3-4. In support, he relies on *McFadden v. United States*, ___ U.S. ___, 135 S. Ct. 2298 (2015), which held that when a controlled substance is an analogue, the Government must establish that the defendant knew he was dealing with a substance regulated under the Controlled Substances Act or Analogue Act. However, the substance that Petitioner was indicted for and subsequently pleaded guilty to was not an analogue. Crim. Doc. 12 at 1 (Petitioner was indicted for knowingly possessing "with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine"); Crim. Doc. 19 at 4 (the Factual Resume also stipulated "[o]ver 500 grams of a mixture or substance containing a detectable amount of methamphetamine was found in the center console of the vehicle.").

Petitioner contends appellate counsel was ineffective for failing to challenge the four-level leadership enhancement under U.S.S.G. § 3B1.1(c). He avers he was minimally involved and "less culpable than those who owned the methamphetamine, and controlled its distribution" and, thus, he could have been eligible for a reduction for being a minimal or minor participant under U.S.S.G. § 3B1.2. Doc. 14-1 at 10-11. But his claim is belied by the record. Multiple confidential sources identified Petitioner "as the organizer and recipient of kilogram quantity

---

[5] In light of the futility of the proposed amendment, the Court has not directed the Government to respond to the new claims.

11

shipments of methamphetamine from Mexico." Crim. Doc. 28-1 at 5-6, PSR ¶ 17. Petitioner not only stored the methamphetamine at his residence, but he also had it recrystallized into ice methamphetamine for further distribution and, according to information gleaned from wiretaps, he employed five or more individuals to help him in the drug distribution business. *Id.*, PSR ¶ 20. In light of this evidence, counsel's decision not to challenge the leadership role on appeal was objectively reasonable. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (appellate counsel is not required to present frivolous argument).

Next, Petitioner claims that trial counsel should have lodged an objection at sentencing and on appeal that "L-Methamphetamine, and not D-methamphetamine, was the drug involved in his case." Doc. 14-1 at 12. Petitioner relies on *United States v. Acklen*, 47 F.3d 739 (5th Cir. 1995), a habeas case that was remanded to the district court to allow the movant to tender evidence to show that the drug supporting his conviction was l-methamphetamine. At that time, the U.S. Sentencing Guidelines distinguished between l- and d-methamphetamine, providing harsher punishment for the latter. *Id.* at 742-43. However, in 1995, Sentencing Guidelines Amendment 518 abolished the distinction between the two types of methamphetamine for sentencing purposes. *See* U.S.S.G. App. C, Amendment 518 (1995). It is well settled that neither trial nor appellate counsel is required to offer a frivolous objection or argument. *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) (trial counsel); *Kimler*, 167 F.3d at 893 (appellate counsel).

Moreover, contrary to Petitioner's assertion, trial counsel presented a written objection to the PSR challenging the ambiguous drug quantity, Doc. 14-1 at 13, Crim. Doc. 43-1 at 1-2. However, the Court overruled the objection at sentencing, finding that the government had met its burden of proof. Crim. Doc. 59 at 28-29. Based on the Court's ruling, Petitioner cannot show

12

that counsel's decision not to challenge the drug quantity issue on appeal was objectively unreasonable. *See Conley*, 349 F.3d 837, 841. That notwithstanding, the misapplication of the Sentencing Guidelines is not cognizable on section 2255 review. *See Williamson*, 183 F.3d 458, 462.

Because the proposed ineffective assistance of counsel claims lack merit, Petitioner's request to amend the section 2255 motion should be denied as futile

### F. Evidentiary Hearing

In his reply Petitioner also requests an evidentiary hearing to address the allegations raised in his section 2255 motion. Doc. 13 at 2, 15. Petitioner is not entitled to an evidentiary hearing, however. "When the files and records of a case make manifest the lack of merit of a Section 2255 [motion], the trial court is not required to hold an evidentiary hearing." United States v. Hughes, 635 F.2d 449, 451 (5th Cir. 1981); *see also* Cervantes, 132 F.3d at 1111 (petitioner was not entitled to an evidentiary hearing because he did not meet his burden of proof under section 2255). Accordingly, because Petitioner's claims lack merit for the reasons stated above, no evidentiary hearing is required in this section 2255 proceeding.

13

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate, set aside, and correct sentence under 28 U.S.C. § 2255 be **DENIED**, and that Petitioner's *Motion for Leave to File 28 U.S.C. §2255 Motion*, construed as a motion for leave to amend, be **DENIED** as futile. Doc. 14.

**SIGNED** October 2, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE